In the Matter of the Application of UMBERTO POLITANO for Leave to Sue on the Bonds of Sheriffs AARON L. JACOBY and JAMES A. McQUADE. UMBERTO POLITANO, Appellant, Respondent, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, Respondent, Appellant.— Order in so far as it grants the motion to vacate the *ex parte* order permitting the applicant to prosecute the surety on the official bond of Jacoby, sheriff, affirmed, without costs. Order in so far as it denies the motion to vacate the *ex parte* order permitting the applicant to prosecute the surety on the official bond of McQuade, sheriff, reversed on the law, without costs, and the motion granted on the ground that the principal has been legally discharged of obligation and that the surety is likewise discharged. Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ., concur.

ANDREW J. KENNY, Respondent, v. LEWIS J. VALENTINE, as Police Commissioner of the City of New York and as Trustee and Treasurer of the Police Pension Fund of the City of New York, Appellant.— This is an action brought by a retired police sergeant to recover as for payments from the police pension fund at the rate of $614 per annum which were discontinued when the plaintiff accepted employment in the city service as superintendent of sewers at a salary of $5,250 per annum. Plaintiff has recovered judgment in the Trial Term. Judgment reversed on the law, with costs, and judgment directed for defendant dismissing the complaint on the merits, with costs. The plaintiff's service in the police department was for a period of fourteen years, and hence the annual award of $614, which was paid to him for many years, was purely a grant subject to cease at the discretion of the police commissioner. (Greater New York Charter, §§ 354, 356.) In our opinion the proof fails to establish that the discontinuance was not as a result of a proper exercise of discretion. While the file of the department shows that the pension was apparently suspended under the mandatory provisions of section 1560 of the charter, under the doctrine that public officers are presumed to act properly, the presumption is that the commissioner revoked the pension in the exercise of discretion under section 354, and the proof has not overcome that presumption. Lazansky, P. J., Johnston, Adel and Taylor, JJ., concur; Hagarty, J., dissents and votes to affirm on the ground that the pension did not " cease " nor was it " diminished," pursuant to section 356, but was " suspended " pursuant to section 1560, and specific reference was made to action under the latter section.

ALOIS LANG and ANTONIO DESERTO, Respondents, v. BRONX WATERWORKS CORPORATION, Appellant.— In an action to recover damages for injuries by water to crops growing on plaintiff's farm land, judgment and order reversed on the facts and a new trial granted, costs to abide the event, unless within ten days from the entry of the order hereon plaintiffs stipulate to reduce to the sum of $3,500 the amount of the verdict rendered in their favor; in which event the judgment, as so reduced, and the order are affirmed, without costs. In our opinion the verdict is excessive. Lazansky, P. J., Adel and Close, JJ., concur; Hagarty and Davis, JJ., dissent and vote to affirm without modification.